```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MDM BUSINESS TECHNOLOGIES GROUP, INC.,

                        Plaintiff,          Case No.: 07 CV 7477(WHP)

        - against -

GIRL SCOUTS OF THE UNITED STATES OF
AMERICA; and DIGITAL PRODUCTS, INC.,

                        Defendants.
----------------------------------------x
```

## DEFENDANT, DIGITAL PRODUCTS INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, DIGITAL PRODUCTS, INC. ("DPI"), by its attorneys, FENSTER & KURLAND LLP, hereby answers the Complaint of Plaintiff as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "1", "2" and "3" of the Complaint.

2. Denies each and every allegation contained in Paragraph "4" of the Complaint, but admits that DPI is a copy machine dealer with a place of business in the County of New York.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "6", "7", "8", "9", "10", "11" and "12" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in

Paragraph "13" of the Complaint, but admits that as of June 3, 2004, DPI was in business less than three (3) years and respectfully refers the Court to the content of the Girl Scouts of the United States of America's ("Girl Scouts") 2001 Request for Proposal (the "RFP").

 5. Denies each and every allegation contained in Paragraph "14" of the Complaint, but admits that the RFP sets forth specific machinery configurations that Girl Scouts purportedly required in the replacement of their then-current equipment and that included in the RFP were various "bundled" line items for "a Station folder- One (1) Four Inserter", "(1) GBC TL2900 Twin Loop Wire Binder" and "(1) GBC Digicoil Automatic "Coil Inserter w/ Oversize die for AP2Punch".

 6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "15" of the Complaint and respectfully refers the Court to the content of the RFP.

 7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "16" of the Complaint.

 8. Denies each and every allegation contained in Paragraph "17" of the Complaint.

 9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in

Paragraph "18" of the Complaint and respectfully refers the Court to the content of the RFP.

10.   Denies each and every allegation contained in Paragraph "19" of the Complaint, but admits that fifty (50%) percent of DPI's stock was owned by Marshall Goldberg and fifty (50%) percent was owned by Frederick Robert Habeeb.

11.   Denies each and every allegation contained in Paragraphs "20", "21" and "22" of the Complaint.

12.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "23", "24" and "25" of the Complaint.

13.   Denies each and every allegation contained in Paragraph "26" of the Complaint.

14.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "27" of the Complaint.

15.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "28" of the Complaint and respectfully refers the Court to the content of the June 3, 2004 e-mail from Charles Clarke to Eric Hill referenced therein.

16.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "29" of the Complaint and respectfully refers the Court

to the content of the June 3, 2004 e-mail from Eric Hill to Charles Clarke referenced therein.

17.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "30" of the Complaint and respectfully refers the Court to the content of the June 8, 2004 e-mail from Eric Hill to Charles Clarke referenced therein.

18.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "31" of the Complaint.

19.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "32" of the Complaint and respectfully refers the Court to the Memorandum dated June 28, 2004 from Charles Clark to Bill Kowack referenced therein.

20.   Denies each and every allegation contained in Paragraph "33" of the Complaint but admits that DPI did not pay $40,000.00 to Girl Scouts.

21.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "34", "35", "36" and "37" of the Complaint.

22.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "38" and "39" of the Complaint and respectfully refers

the Court to the e-mail dated June 3, 2004 from Eric Hill to Charles Clark referenced therein.

    23. Denies each and every allegation contained in Paragraph "40" of the Complaint.

    24. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "41", "42", "43", "44" and "45" of the Complaint.

    25. Denies each and every allegation contained in Paragraph "46" of the Complaint, but admits that Marshall Goldberg was a fifty (50%) percent owner of DPI and, upon information and belief, a principal owner of Addressing Systems and Products, Inc. ("ASAP").

    26. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "47" of the Complaint.

    27. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "48" of the Complaint, but admits that at the time of the RFP, DPI had been in business less than three (3) years and shared offices with ASAP.

    28. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "49", "50" and "51" of the Complaint.

    29. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in

Paragraph "52" of the Complaint and respectfully refers the Court to the e-mail dated September 23, 2004 from Eric Hill to Charles Clark referenced therein.

30.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "53" of the Complaint and respectfully refers the Court to the e-mail dated October 1, 2004 from Charles Clark to Eric Hill referenced therein.

31.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "54" and "55" of the Complaint.

32.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "56" of the Complaint and respectfully refers the Court to the e-mail dated October 4, 2004 from Charles Clark to Eric Hill referenced therein.

33.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "57" and "58" of the Complaint.

34.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "59" of the Complaint and respectfully refers the Court to the e-mail dated October 1, 2004 from Charles Clark to Eric Hill referenced therein.

35.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "60" of the Complaint and respectfully refers the Court to the e-mail dated October 4, 2004 from Charles Clark to Eric Hill referenced therein.

36.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "61" of the Complaint.

37.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "62" of the Complaint and respectfully refers the Court to the e-mail dated October 4, 2004 from Margaret Crawford to Eric Hill referenced therein.

38.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "63" of the Complaint, but admits that DPI was awarded the bid and DPI did not make the $40,000.00 payment.

39.  Denies each and every allegation contained in Paragraph "64" of the Complaint.

40.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "65" of the Complaint.

41.  Denies each and every allegation contained in Paragraph "66" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "67" of the Complaint, and respectfully refers the Court to the contents of the RFP referenced therein, however, DPI admits that it did not make the $40,000.00 payment to Girl Scouts.

43. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "68", "69, "70", "71", "72" and "73" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "74" and "75" of the Complaint and respectfully refers the Court to the proposal made by Plaintiff to Eric Hill via the June 10, 2004 e-mail referenced therein.

45. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "76" and "77" of the Complaint.

46. Denies each and every allegation contained in Paragraph "78" of the Complaint.

### ANSWERING COUNT I

47. In response to Paragraph "79" of the Complaint, DPI repeats, reiterates and re-alleges each and every answer heretofore made with respect to Paragraphs "1" through "78" of its Answer with the same force and effect as if more fully set forth herein at length.

48. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "80", "81", "82", "83", "84", "85", "86", "87" and "88" of the Complaint.

### ANSWERING COUNT II

49. In response to Paragraph "89" of the Complaint, DPI repeats, reiterates and re-alleges each and every answer heretofore made with respect to Paragraphs "1" through "88" of its Answer with the same force and effect as if more fully set forth herein at length.

50. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "90" and "91" of the Complaint.

### ANSWERING COUNT III

51. In response to Paragraph "92" of the Complaint, DPI repeats, reiterates and re-alleges each and every answer heretofore made with respect to Paragraphs "1" through "91" of its Answer with the same force and effect as if more fully set forth herein at length.

52. Denies each and every allegation contained in Paragraphs "93", "94" and "95" of the Complaint.

### ANSWERING COUNT IV

53. In response to Paragraph "96" of the Complaint, DPI repeats, reiterates and re-alleges each and every answer heretofore

made with respect to Paragraphs "1" through "95" of its Answer with the same force and effect as if more fully set forth herein at length.

54.  Denies each and every allegation contained in Paragraphs "97", "98" and "99" of the Complaint.

### ANSWERING COUNT V

55.  In response to Paragraph "100" of the Complaint, DPI repeats, reiterates and re-alleges each and every answer heretofore made with respect to Paragraphs "1" through "99" of its Answer with the same force and effect as if more fully set forth herein at length.

56.  Denies each and every allegation contained in Paragraph "101" of the Complaint.

57.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "102", "103", "104", "105", "106" and "107" of the Complaint.

### ANSWERING COUNT VI

58.  In response to Paragraph "108" of the Complaint, DPI repeats, reiterates and re-alleges each and every answer heretofore made with respect to Paragraphs "1" through "107" of its Answer with the same force and effect as if more fully set forth herein at length.

59. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "109", "110", "111", "112", "113", "114", "115", "116", "117" and "118" of the Complaint.

60. In response to the first unnumbered paragraph of the Complaint that begins with the word "WHEREFORE" and requests the relief listed in subparagraphs "1" through "6" therein, denies that Plaintiff is entitled to any relief whatsoever.

61. In response to the second unnumbered paragraph of the Complaint that begins with the word "WHEREFORE" and requests the relief therein, denies that Plaintiff is entitled to any relief whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62. DPI did not act in a manner which would constitute a conspiracy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63. At all times relevant hereto, DPI acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal, state or local laws, rules or guidelines.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

64. Plaintiff fails to state a claim under which attorneys' fees and costs may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

65. Plaintiff fails to state a claim under which punitive damages may be granted.

**WHEREFORE**, DPI demands judgment dismissing Plaintiff's Complaint in all respects, demands the costs, disbursements and reasonable attorneys' fees necessarily incurred in the defense of this action and seeks such other, different and further relief as this Court deems just, proper and equitable herein.

Dated:   New City, New York
         October 22, 2007

                                          Yours, etc.

                                          FENSTER & KURLAND LLP

By:   **s/**  _____
Adam K. Kurland, Esq. (AKK6948)
Attorneys for Defendant,
Digital Products, Inc.
337 North Main Street
Suite 11
New City, New York 10956
(845) 638-4700

TO:   Bruce I. Afran, Esq.
      Attorney for Plaintiff
      10 Braeburn Drive
      Princeton, New Jersey  08540
      (609) 924-2075

      August T. Horvath, Esq.
      Heller Ehrman LLP
      Attorneys for Defendant,
      Girl Scouts of the United
      States of America
      Times Square Tower
      7 Times Square
      New York, New York 10036
      (212) 847-8816