UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

MDM BUSINESS TECHNOLOGIES GROUP, INC.,

Plaintiff,

Case No.: 07 CV 7477(WHP)

- against -

GIRL SCOUTS OF THE UNITED STATES OF AMERICA; and DIGITAL PRODUCTS, INC.,

Defendants.

-------------------------------------x

# DEFENDANT, DIGITAL PRODUCTS, INC.'S, MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S, MOTION TO DISMISS

FENSTER & KURLAND LLP
337 North Main Street
Suite 11
New City, New York 10956
(845) 638-4700

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 1

III. ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . 4

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Without any actionable anti-trust wrong committed by GSUSA, no conspiracy claim may be levied against DPI. . . . . . . . . . . . . . 4

B. The "Rule of Reason" standard and not the *Per Se* Doctrine is to be applied to this case in determining whether an anti-trust violation has been stated. . . . . . . . . . . . . . 4

C. Plaintiff's formulaic recitation of the elements of an anti-trust violation is insufficient to overcome a Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . 6

D. Plaintiff's conspiracy claims against DPI in violation of the Donnelly Act must likewise fail for failure to state a claim from which relief can be granted. . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

*Bell Atlantic Corporation v. Twombly*,

127 S.Ct. 1955 (1955) . . . . . . . . . . . . . . . . 6, 7

*Bunker Ramo Corporation v. United Business Forms, Inc.*,

713 F.2d 1272 (7th Cir. 1983) . . . . . . . . . . . . 4, 5

*Invamed, Inc. v. Barr Laboratories, Inc.*,

22 F.Supp.2d 210 (SDNY 1998) . . . . . . . . . . . . . . . 4

*Oceanus Beverages, Inc. v. Van Munching & Co., Inc.*,

4 A.D.2d 963 (2d Dept. 1957) . . . . . . . . . . . . . . . 8

*Saxe, Bacon & Bolan P.C. v. Martindale-Hubbell, Inc.*,

710 F.2d 87, 90 (2d Cir.1983) . . . . . . . . . . . . . . 7


**STATUTES**

Sherman Act, 15 U.S.C. §1 *et seq* . . . . . . . . . . 1, 2, 4, 5, 6

Clayton Act, 15 U.S.C. §15 *et seq* . . . . . . . . . . . . 1, 4, 6

Donnelly Act, N.Y.Gen.Bus.Law §340 *et seq* . . . . . . 1, 4, 7, 8

## I. PRELIMINARY STATEMENT

Defendant, Digital Products, Inc. ("DPI"), respectfully submits this Memorandum of Law in Reply to Plaintiff's Memorandum of Law in Opposition to Defendant, Girl Scouts of the United States of America's ("GSUSA"), Motion to Dismiss.

## II. STATEMENT OF FACTS

For the facts and circumstances of this case, the Court is respectfully referred to the Statement of Facts contained in GSUSA's Memorandum of Law ("GSUSA Memorandum") in support of its motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, beginning at Page 1.

Plaintiff, MDM Business Technologies Group, Inc. ("MDM"), seeks relief under six Counts. Only Counts III and IV, conspiracy under the Sherman Act, 15 U.S.C. §1 *et seq* and the Clayton Act, 15 U.S.C. §15 *et seq* (Count III) and conspiracy under the Donnelly Act, N.Y.Gen.Bus.Law §340 *et seq* (Count IV), allege any wrongdoing by DPI. The Court should note that GSUSA in its Memorandum was compelled to speculate as to what sections of the Sherman Act were allegedly violated by Defendants due to Plaintiff's failure to so specify. GSUSA argued that Sections 1 and 2 are the only two plausible sections within the Sherman Act, (See, Page 5, GSUSA Memorandum) and devoted the balance of its argument with respect to

E:\WPDATA\Digital Products, Inc\MDM\Memo of Law.wpd

the alleged anti-trust violations to these two sections. In opposition to the GSUSA Memorandum, Plaintiff wholly ignored Section 2 of the Sherman Act, which speaks to monopolization. Accordingly, and by Plaintiff's silence in opposition to GSUSA's claim that Plaintiff did not state a claim under Section 2 of the Sherman Act, it should be well presumed by the Court that Plaintiff did not intend to do so. Therefore, Plaintiff's federal anti-trust claims must be read only in light of Section 1 of the Sherman Act.

It should additionally be noted that Plaintiff's entire claim of collusion and conspiracy by and between GSUSA and DPI arises out of a bidding process with which GSUSA had the option of not involving itself. It appears all too clear on the face of Plaintiff's Complaint that MDM is acting like nothing more than a sore loser in a bidding process in which they were the runner up. If GSUSA's Request for Proposal ("RFP") had provided for different equipment and that difference benefitted any of the other bidders, including MDM, then that amounts to nothing more than market forces at work - at any given time any given company may have a competitive edge over any other company angling for the same customer's business. It is far from anti-competitive, and, to be sure, quite the opposite.

Further, Plaintiff's own Complaint undermines its position. Paragraph 27 of Plaintiff's Complaint provides as follows:

> Eric Hill's successor, Joseph Montalbano, effectively acknowledged the invalidity of the RFP award to DPI in February 2006 when he sought to terminate DPI's copier leases. In a series of discussions stemming from a February 13, 2006 meeting with Michael Levine at which Mr. Levine explained the unfair and discriminatory nature of the RFP, Montalbano acknowledged that he had tried to terminate DPI's leases but that the assignee, CitiCapital, was uncooperative since the leases had only been recently engaged for a period of five years going forward. Since Montalbano was unable to cancel the DPI leases, he chose to cancel MDM's outstanding leases causing MDM to be the economic victim of the discriminatory RFP.

Accordingly, MDM's allegation at Paragraph 27 begs the following question: If GSUSA sought to terminate DPI's copier leases after they were awarded the bid, for what purpose was a conspiratorial agreement formed by and between GSUSA and DPI?

It should finally be noted that Plaintiff acknowledges that its own bid was not in compliance with the RFP and was advised by GSUSA that the RFP would not be modified. Therefore, MDM should not have had any expectation that it was actually going to be awarded this bid.

## III. ISSUE PRESENTED

1. Whether Plaintiff has stated a claim against DPI for conspiracy under the Sherman and Clayton Acts (Count III) or the Donnelly Act (Count IV).

## IV. ARGUMENT

**A. Without any actionable anti-trust wrong committed by GSUSA, no conspiracy claim may be levied against DPI.**

In the event the Court grants GSUSA's Motion to Dismiss the federal anti-trust claims, then the Court should, *sua sponte*, dismiss Plaintiff's conspiracy claims against DPI. As this Court held in *Invamed, Inc. v. Barr Laboratories, Inc.*, 22 F.Supp.2d 210 (SDNY 1998), "the Plaintiff in a Sherman Act conspiracy claim must allege a concerted action by two or more persons that unreasonably restrained interstate or foreign trade or commerce." *Id* at 220. Accordingly, without any wrong committed by GSUSA, there can be no claim against DPI for conspiracy.

**B. The "Rule of Reason" standard and not the *Per Se* Doctrine is to be applied to this case in determining whether an anti-trust violation has been stated.**

There has been much discussion in the parties' memoranda as to whether or not the "Rule of Reason" or the *Per Se* Doctrine should be applied in the Court's determination as to whether or not an anti-trust violation has been stated. The Court in *Bunker Ramo*

*Corporation v. United Business Forms, Inc.*, 713 F.2d 1272 (7th Cir. 1983) held, in applying the "Rule of Reason" standard and rejecting the *Per Se* Doctrine, that there has been a "judicial reluctance to extend [the latter's] use." *Id* at 1284. That court opined that a "particular course of conduct will not be termed a per se violation of the Sherman Anti-Trust Act until the courts have had considerable experience with that type of conduct and application of the rule of reason has inevitably resulted in a finding of anticompetitive effects." *Id*

In the case at bar, Plaintiff acknowledges at Page 16 of its Memorandum that the nature of the conspiracy alleged by MDM is "novel in the annals of Sherman Act jurisprudence", and at Page 17, wherein Plaintiff posits that "this is a novel question for the federal court in the context of private bids under the Sherman Act..."

Accordingly, the "Rule of Reason", as the established standard of analysis for determining whether an anti-trust violation has been stated, is to be applied to the case at bar.

For purposes of proceeding expeditiously, the Court is respectfully referred to Section I(A)(2) of the GSUSA Memorandum beginning on Page 7 in support of the position that in applying the "Rule of Reason" standard, no anti-trust violation has been alleged by Plaintiff.

**C. Plaintiff's formulaic recitation of the elements of an anti-trust violation is insufficient to overcome a Motion to Dismiss.**

The Clayton Act, 15 U.S.C. §1, states in pertinent part that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States or with foreign nations, is declared to be illegal." In response to GSUSA's contention at Paragraph 5 of the GSUSA Memorandum that the Complaint "does not identify which substantive anti-trust provision was allegedly violated", Plaintiff argues in its Memorandum, at Page 8, by reciting Paragraphs 87, 93, 94 and 95 of Plaintiff's Complaint in support of its position that it did provide the parties with sufficient notice as to which substantive anti-trust provision was allegedly violated. However, alleging that an alleged course of conduct "restrains trade or commerce causing injury and damage to MDM in violation of the Sherman Act" (Complaint, Paragraph 87), that DPI "conspired, colluded and/or acted in concert with Girl Scouts in said practices and acts" (Complaint, Paragraph 93), "colluded with and conspired with DPI (Complaint, Paragraph 94) and claiming that GSUSA and DPI are jointly and severally liable for alleged damages to MDM (Complaint, Paragraph 95), does no more than assert conclusory allegations and amounts to a formulaic recitation of the elements of federal anti-trust law. See, *Bell Atlantic Corporation v.*

*Twombly*, 127 S.Ct. 1955 (1955) (Plaintiff in opposing a 12(b)(6) motion to dismiss has the obligation "to provide the 'grounds' of his 'entitlement to relief', [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") *Id* at 1964 - 1965.

Plaintiff's allegations do not rise to the standard set forth in *Twombly* and, accordingly, its Complaint must be dismissed.

**D.   Plaintiff's conspiracy claims against DPI in violation of the Donnelly Act must likewise fail for failure to state a claim from which relief can be granted.**

For the reasons set forth above as well as the legal arguments asserted by GSUSA in the GSUSA Memorandum, MDM's claim of conspiracy against DPI under the Donnelly Act must fail.

As with its federal corollary, New York's Donnelly Act requires a relationship between two or more parties before liability may be found. *Saxe, Bacon & Bolan P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 90 (2d Cir.1983) (holding that Defendant had the right to exercise its independent discretion as to the parties with whom it would deal).

As a result of GSUSA's offer to conduct business with DPI, MDM was not ruined, but still had the opportunity to do business with the thousands of companies in the New York metropolitan area and beyond. In addition, and as MDM concedes, MDM continued to do business with GSUSA after the bid was awarded

to DPI. As the court held in *Oceanus Beverages, Inc. v. Van Munching & Co., Inc.*, 4 A.D.2d 963 (2d Dept. 1957), "discontinuance of business relationships and elimination of competition are not actionable [under General Business Law §340] unless the elimination is complete, or unless there is other injury to the public or ruination of competitors business." Plaintiff has not alleged any of these elements and it is all too clear that none of these factors are present in this case so as to bring this matter within the purview of New York's Donnelly Act.

## IV. CONCLUSION

By reason of the foregoing, the Court should dismiss Plaintiff's Complaint against Defendant, DPI, *sua sponte*, and that Defendant, DPI, should receive such other and further relief as this Court deems just, proper and equitable herein.

Dated: New City, New York
January 11, 2008

Respectfully submitted,

FENSTER & KURLAND LLP

By:______________________________

ADAM K. KURLAND, ESQ. (AK-6948)
Attorneys for Defendant,
Digital Products, Inc.
337 North Main Street
Suite 11
New City, NY 10956
(845) 638-4700